# Order

Michigan Supreme Court
Lansing, Michigan

March 29, 2019

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

157210

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

                                  SC: 157210
                                  COA: 322820
DENNIS KEITH TOWNE,             Livingston CC: 12-020831-FH
        Defendant-Appellant.

_____/

       On order of the Court, the application for leave to appeal the December 19, 2017 judgment of the Court of Appeals is considered. We direct the Clerk to schedule oral argument on the application. MCR 7.305(H)(1).

       The appellant shall file a supplemental brief within 42 days of the date of this order addressing: (1) whether the police exceeded the proper scope of a knock and talk when they approached and secured the defendant's home at night while attempting to execute an arrest warrant for the defendant's son, who lived elsewhere, see *People v Frederick*, 500 Mich 228 (2017); (2) whether the police had sufficient grounds to believe that the subject of the arrest warrant was inside the defendant's home; (3) the appropriate standard to be used by a reviewing court to determine whether the police are permitted to enter a third-party's home or curtilage to execute an arrest warrant, see *Steagald v United States*, 451 US 204 (1981); *United States v Pruitt*, 458 F3d 477 (CA 6, 2006); *United States v Hardin*, 539 F3d 404 (CA 6, 2008); (4) if the proper scope of a knock and talk was not exceeded in this case, whether the plain view or exigent circumstances exceptions to the warrant requirement permitted the police to forcibly enter the defendant's home based on an officer's perceptions while posted at the rear of the home in the curtilage or in an "open field"; and (5) whether the exclusionary rule should apply under these circumstances.

       In addition to the brief, the appellant shall electronically file an appendix conforming to MCR 7.312(D)(2). In the brief, citations to the record must provide the appendix page numbers as required by MCR 7.312(B)(1). The appellee shall file a

supplemental brief within 21 days of being served with the appellant's brief. The appellee shall also electronically file an appendix, or in the alternative, stipulate to the use of the appendix filed by the appellant. A reply, if any, must be filed by the appellant within 14 days of being served with the appellee's brief. The parties should not submit mere restatements of their application papers.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 29, 2019

Clerk

s0326